IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02269-BNB

DEREK WILLIAM BARRINGER,

    Plaintiff,

v.

MARY C. ANDERSON, Warden of MCFP Springfield,
MICHAEL K. NALLEY, BOP Regional Director,
HARRELL WATTS, Administrator of National Inmate Appeals,
TIFFANY FARMER, Legal Instruments Examiner, and
DELBERT G. SAUERS, Chief of Designation and Sentence Computation,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 22 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Derek W. Barringer currently is detained at the Jefferson County Detention Facility in Golden, Colorado. Mr. Barringer, acting *pro se*, submitted to the Court a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. The Court must construe the Complaint liberally because Mr. Barringer is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint.

Overall, Mr. Barringer asserts that Defendants refused to credit him with ten months of jail time and held him illegally until May 7, 2009. Mr. Barringer seeks money damages.

Mr. Barringer may not challenge the validity of the execution of his sentence in this action for money damages pursuant to § 1983. **See Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Id.* at 486-87.

A judgment in favor of Mr. Barringer, in this action, necessarily would imply the invalidity of his sentence, and he may not bring this action unless he has invalidated his sentence. Mr. Barringer does not allege an invalidation of his sentence nor is there an indication in the Complaint that he was granted one. The responses from the U.S. Bureau of Prisons officials to the grievances that Mr. Barringer has attached to his Complaint indicate that his request for credit for the time he served from July 14, 2005, until May 15, 2006, was prohibited by 18 U.S.C. § 3585(b). Moreover, it appears that Mr. Barringer no longer is serving the sentence he is challenging. Nonetheless, Mr. Barringer's claims are barred by **Heck**. Accordingly, it is

2

ORDERED that the Complaint and the action are dismissed without prejudice. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 21 day of Oct, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02269-BNB

Derek William Barringer
Prisoner No. 33693-013
Jefferson County Jail
P.O. Box 16700
Golden, CO 80402-6700

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/22/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk